Opinion of the court, by
Judge Wood :
The plaintiff seeks to reverse the decision and judgment of the court of common pleas, and has assigned for error, its opinions on both the motions for a new trial, and in arrest. Bid the court of common pleas err ? We have endeavored to consider the case with that deliberation a due regard to the rights of the plaintiff required of us; and if our investigation-had led us to doubt the correctness of the proceedings of the common pleas, it would be no less our pleasure than our duty to give him the full benefit of such doubts. No man should be brought within the energies of the criminal law, and subjected to its penalties, but upon full and deliberate ^conviction that he has violated its principles, but when such conviction is forced on the mind, it is to be borne in recollection that the community has its claims, and while innocence should be protected, guilt should be certain to receive its reward. The record is prolix. It shows that every point was contested with much zeal and perseverance before the court of common pleas. We have reviewed the whole case, and it appears to us there are but two questions arising on the record to be determined worthy of a moment’s consideration; and they, only, will be noticed. 1. Where a prisoner is let to bail, put on his trial and *183 absconds during its progress, is it error to proceed with the trial, and receive the verdict in his absence? 2. Is the description of the counterfeit coin, as “ Spanish dollars,” sufficient?
In England, in misdemeanors, where the defendant is on bail, a trial, conviction, and sentence may be had in his absence. He is present or not, at his option. In felonies, a different rule, it is true, prevails. The accused must be present, when every principle of the law is discussed and determined in which he is concerned. The reason of this difference in the mode of proceeding in the two cases can not, perhaps, at this time, be satisfactorily ascertained ; or rather, no satisfactory reason can be given for it. A prisoner, in close custody, may be so easily oppressed and deprived of his rights, and it would be so extremely difficult for him to make known his injuries, and obtain redress, that to prevent unnecessary restraint, and to afford the accused an opportunity of being fully and fairly heard, the rule in reference to him may be reasonable and salutary; but it would apply with force to all classes of offenders. But in felony, the accused is not necessarily confined within the four walls of the prison. Both be.fore and after the conquest, all felonies were bailable by the an- • cient common law. (Stat. Westm. 1 and 3 Edward I./ c. 15; :23 Henry Till., c. 9, and 1 and 2 Phil, and Mary, c. 13), except 'treason, murder, and certain other crimes from those for which 'the king’s justices may bail.. 4 Bl. Com. 268. But the court of ¡king’s bench, or any judge thereof in vacation, may, at their disoretion, admit persons to bail, in all cases whatsoever, 3 East, 163; .5 Johns. 169 ; but none can claim this benefit de jure, 2 Hale, 129. .If on bail, I apprehend, neither the courts in Great Britain, nor •the Uni ted States, would proceed to impanel a jury, in a trial for felony, ^unless the accused were present, to look to his challenges. If the trial, however, is once commenced, and the prisoner in his own wrong leaves the court, abandons his case to the management of counsel and runs away, I can find no adjudged case to sustain the position, that, in England, the proceedings would be stayed. Such a case must form an exception to the general rule, and the verdict may be legally received in the absence of the accused. The prisoner can not be deprived of his right to be .present at all the stages of his trial; but that he must be, under ..all circumstances, or the proceedings will be erroneous, can not, ■w.e think, be sustained.
*184 2. Is the indictment sufficient? The statute on which this indictment is framed, is section 28 of “an act for the punishment of crimes.” It reads thus, “ that if any person shall counterfeit any of the coins of gold, silver, or copper, currently passed in this state, or shall utter or pút off ány such counterfeit coin or coins, knowing them to be such,” etc. The words of the indictment are, “that the said Charles Fight,” etc., “four pieces of false and counterfeit money and coin, made and counterfeited to the likeness and similitude of the good, true, and current money and silver coin, currently passing in this state, called Spanish dollars'' etc., “ did utter and tender in payment,” etc., “ and put off.” The plaintiff objects to this averment, because the coin is called Spanish dollars, which he contends are not money current in this state. This,'in our view, was a fact exclusively for the jury, whether there was such coin as is called Spanish dollars, and whether it was currently passed in this state ; and the jury having found these facts, it is far from our duty to disturb the decision of the court of common pleas, in refusing to grant a now trial, especially íd the absence of the testimony on which that court acted, and which is not contained in the record; and it surely forms no ground for reversing the decision of that court for refusing to sustain the motion in arrest. Judgment affirmed.-