The CITY OF MENTOR, Appellee,

v.

CASWELL, Appellant.

[Cite as *Mentor v. Caswell* (1997), 123 Ohio App.3d 256.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–203.

Decided Sept. 30, 1997.

*Ron M. Graham*, Mentor City Prosecutor, for appellee.

*R. Paul LaPlante*, Lake County Public Defender, and *David E. Farren*, Assistant Public Defender, for appellant.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal taken from a final judgment of the Mentor Municipal Court. Appellant, Angela M. Caswell, challenges the trial court's decision to deny her motion to suppress.

Initially, the prosecutor's office filed a criminal complaint against appellant for possession of drug paraphernalia in violation of Mentor Municipal Ordinances 139.02. Appellant pled not guilty to the charge. Subsequently, appellant filed a motion to suppress the pipe and the marijuana found in the car in which she was a passenger.

The trial court conducted the suppression hearing on October 28, 1996. Although she had received notice of the hearing, appellant failed to appear. Appellant's counsel, however, was present at the proceeding, along with appellant's codefendant and her attorney.

Counsel for appellant moved for a continuance of the suppression hearing due to appellant's unexplained absence. The trial court denied the request for a continuance but did allow appellant's counsel to participate in the hearing through cross-examination of the police officer who issued the citation. The officer was the only witness to testify. At the close of the proceeding, the trial court denied appellant's motion to suppress.

The case was scheduled for a jury trial on October 31, 1996. On that day, however, appellant appeared in the trial court and pled no contest to an amended charge of drug abuse in violation of Section 139.01 of the city ordinances. The trial court found appellant guilty of the offense and sentenced her to thirty days in jail, of which twenty-four were suspended, a $250 fine, and four months of probation.

From this judgment of conviction, appellant filed a timely appeal with this court, in which she asserts the following assignments of error:

"1 The trial court erred to the prejudice of the defendant-appellant when it overruled her motion for a continuance."

"2 The trial court erred to the prejudice of the defendant-appellant when it overruled her motion to suppress."

In her first assignment of error, appellant contends that the trial court committed error by allowing the suppression hearing to go forward without her attendance. We agree.

To support her position, appellant cites our decision in *State v. Williams* (1969), 19 Ohio App.2d 234, 48 O.O.2d 364, 250 N.E.2d 907. In that case, the court concluded that "a hearing on a motion to suppress evidence, at which testimony of a witness is received, whether held before or during the trial of a case, is such a part of a trial as to require the presence of the accused." *Id.* at 241, 48 O.O.2d at 369, 250 N.E.2d at 913–914. Appellant also points to language in Crim.R. 43 stating that the "defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Crim.R. 43(A). See, also, Section 10, Article I, Ohio Constitution ("In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel.").

■ There is nothing new or startling about this right of Ohio citizens.[1] This right has been reaffirmed recently by the Supreme Court of Ohio. Appellant

---

1. According to the Editor's Comment to Section 10, Article I of the Ohio Constitution:

"As adopted in 1851, this section was an amalgam of §§ 10 and 11, Article VIII, 1802 Ohio Constitution, which expanded on portions of Article II, § 14 of the Ordinance of 1787 so as to

"has a fundamental right to be present at all critical stages of his criminal trial." *State v. Hill* (1995), 73 Ohio St.3d 433, 444, 653 N.E.2d 271, 281. See, also, *State v. Demma* (1954), 161 Ohio St. 54, 52 O.O. 486, 117 N.E.2d 425; *Crusen v. State* (1859), 10 Ohio St. 258.

This court in *Williams* also held that an accused may waive that right under certain circumstances. Specifically, it endorsed the view that although a defendant is entitled to be present at a hearing on a motion to suppress evidence, the defense attorney's *deliberate failure* to have the defendant produced at the hearing constituted a waiver of the right to be present and an unequivocal election to have the defense attorney proceed alone. *Williams*, 19 Ohio App.2d at 242, 48 O.O.2d at 369, 250 N.E.2d at 914. In *Williams*, there was apparently no factual issue as to whether the attorney intentionally told his client not to appear. This is not what happened in the case at bar. The record not only does not reflect that appellant's attorney arranged for her absence, but it affirmatively indicates that her attorney had no idea why she was absent.

█ As discussed earlier, appellant's counsel moved for a continuance when her client failed to appear at the suppression hearing. The trial court denied the motion, thereby forming the basis for this assignment of error on appeal. The grant or denial of a continuance is a matter that is entrusted to the sound discretion of the trial court. *State v. Lorraine* (1993), 66 Ohio St.3d 414, 423, 613 N.E.2d 212, 220; *State v. Spirko* (1991), 59 Ohio St.3d 1, 18, 570 N.E.2d 229, 249–250; *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078, syllabus. The standard of review on appeal is, therefore, whether the trial court abused its discretion. *Lorraine*, 66 Ohio St.3d at 424, 613 N.E.2d at 220–221; *Spirko*, 59 Ohio St.3d at 18, 570 N.E.2d at 249–250; *Unger*, 67 Ohio st.2d at 67, 21 O.O.3d at 42–43, 423 N.E.2d at 1080.

█ Although the docket and the evidence indicate that appellant had been properly notified of the date and time of the suppression hearing, the record does not reflect why she failed to appear or, more important, if her failure to appear was deliberate or involuntary.

If further inquiry via evidence indicated that there was no satisfactory or excusable reason for appellant's absence, the trial court still had numerous methods at its disposal to compel her appearance and to sanction appellant *other than denying her the right to be present and to participate* in what was clearly a critical stage of the proceedings. Accordingly, it was an abuse of discretion for the trial court to proceed in her absence.

---

bring the litany of rights of an accused in accord with those enumerated in the Fifth and Sixth Amendments to the U.S. Constitution." Baldwin's Ohio Revised Code Annotated, User's Guide, United States Constitution, Ohio Constitution (1994) 186.

Appellant's first assignment is well taken.

Her second assignment of error becomes moot because of our disposition of the first assignment. See App.R. 12(A)(1)(c).

The judgement of the trial court is reversed, and the cause is hereby remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and WILLIAM M. O'NEILL, JJ., concur.