[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 419.]

THE STATE OF OHIO, APPELLANT, *v.* MEADE, APPELLEE.

[Cite as *State v. Meade*, 1997-Ohio-332.]

*Criminal procedure—Jury trial commences after jury is impaneled and sworn in the presence of the defendant—Crim.R. 43(A), construed and applied.*

A jury trial commences after the jury is impaneled and sworn in the presence of the defendant. (Crim.R. 43[A], construed and applied.)

(No. 96-1549—Submitted October 8, 1997—Decided December 24, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69533.

———————————

{¶ 1} In October 1993, appellee, Claude M. Meade, a.k.a. Michael Meade, was arrested in a bar in Cleveland, Ohio. During a pat-down search of Meade, a handgun was found in his right rear pants pocket.

{¶ 2} Following his arrest, Meade was released on bond. On January 5, 1994, Meade was indicted by the Cuyahoga County Grand Jury for carrying a concealed weapon (count one) and having a weapon while under disability (count two). Both counts carried a specification that in 1985 Meade had been convicted of an offense of violence. Count two also included a firearm specification.

{¶ 3} Thereafter, Meade failed to appear for his rescheduled arraignment date, and a capias was issued for his arrest. He was eventually arrested, jailed, and arraigned. At his arraignment, Meade pled not guilty to the charges in the indictment. He was assigned a public defender and again released on bond.

{¶ 4} In March 1994, Meade attended three pretrial conferences. He was informed that his trial was to begin on April 4, 1994. On the day of trial, defense counsel and counsel for appellant, the state of Ohio, discussed possible plea agreements. After initial plea discussions, defense counsel informed Meade that his sentence would likely include imprisonment. Meade then told his attorney that

he was going to the cafeteria to get something to eat. Meade was advised by his counsel not to leave, but, while further plea negotiations were being conducted, Meade absconded. During this time, potential jurors were awaiting voir dire proceedings, the state's witnesses had appeared, and counsel and court personnel were present.

{¶ 5} After delaying trial for nearly one hour, the trial judge announced that "as far as I'm concerned, the trial has started. It started here at 9:30 [a.m.]. * * *

{¶ 6} "Now, we're starting without him. Now, we're going to pick the jury this morning."

{¶ 7} The jury was then impaneled and sworn and a capias was issued for Meade's arrest. The trial judge then adjourned court for the day.

{¶ 8} The next day, Meade did not appear for his trial nor could he be found. The trial proceeded without Meade over defense counsel's continuing objection. The jury found Meade guilty of the offenses of carrying a concealed weapon and having a weapon while under disability. The jury also found him guilty of the firearm specification.

{¶ 9} Meade was subsequently arrested and sentenced to two years on the concealed weapon conviction and one and one-half years for having a weapon while under disability. The trial court ordered the sentences to run consecutively. Meade was also sentenced to three additional years of actual incarceration on the firearm specification and he was fined $7,500.

{¶ 10} Upon appeal, the court of appeals reversed Meade's convictions and remanded the cause to the trial court. The court of appeals held that Meade's trial had not officially commenced at the time he disappeared from the courtroom and that the trial court erred in proceeding with the trial in Meade's absence.

{¶ 11} The cause is now before this court upon the allowance of a discretionary appeal.

—————————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *George J. Sadd* and *Diane Smilanick*, Assistant Prosecuting Attorneys, for appellant.

*James A. Draper*, Cuyahoga County Public Defender, and *Donald Green*, Assistant Public Defender, for appellee.

————————————

**DOUGLAS, J.**

**{¶ 12}** The trial court concluded, and the state contends, that by the time Meade absented himself from the courtroom, Meade's trial had already commenced for purposes of Crim.R. 43(A), and, accordingly, it was proper to proceed with Meade's trial in his absence. We disagree.

**{¶ 13}** Crim.R. 43(A) provides:

"Defendant's Presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, *the defendant's voluntary absence after the trial has been commenced in his presence* shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes." (Emphasis added.)

**{¶ 14}** Crim.R. 43(A) requires that the defendant be present "at the arraignment and every stage of the trial * * *." See, also, *State v. Hill* (1995), 73 Ohio St.3d 433, 444, 653 N.E.2d 271, 281 (The defendant "has a fundamental right to be present at all critical stages of his criminal trial."). However, the defendant's right to be present at trial is not absolute. Crim.R. 43(A) also establishes that the defendant's voluntary absence "after the trial has been commenced in [the defendant's] presence" is deemed a waiver of the right to be present. In other words, the right to be present at trial may be waived by the defendant's own act.

**{¶ 15}** The court of appeals in the case at bar concluded that the trial had not officially "commenced" at the time Meade fled the courtroom because "[a]t the

time of his absence, the voir dire of the prospective jurors had not even begun. Those prospective jurors were not yet even in the courtroom, let alone impaneled/sworn in." The court of appeals therefore concluded that "the trial *in absentia* in this case was an improper violation of defendant's right to be present at the time of his trial * * *."

{¶ 16} In reaching this conclusion, the court of appeals relied heavily on *Crosby* v. *United States* (1993), 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25, wherein the Supreme Court, interpreting analogous former Fed.R.Crim.P. 43,[1] held that the rule prohibits trial of a defendant who was not present at the beginning of the trial. In *Crosby*, the petitioner (Crosby) and others were indicted on several counts of mail fraud. Crosby attended various pretrial conferences and was informed of his trial date. Crosby, however, did not appear for his trial. A search for Crosby ensued and, after several days of delay, the trial court permitted the proceedings to go forward in his absence. The jury returned guilty verdicts on

---

1. Fed.R.Crim.P. 43 currently provides:

"(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

"(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

"(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial),

"(2) in a noncapital case, is voluntarily absent at the imposition of sentence, or

"(3) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

"(c) Presence Not Required. A defendant need not be present:

"(1) when represented by counsel and the defendant is an organization, as defined in 18 U.S.C. § 18;

"(2) when the offense is punishable by fine or by imprisonment for not more than one year or both, and the court, with the written consent of the defendant, permits arraignment, plea, trial, and imposition of sentence in the defendant's absence;

"(3) when the proceeding involves only a conference or hearing upon a question of law; or

"(4) when the proceeding involves a correction of sentence under Rule 35."

charges against Crosby, and he was subsequently arrested and sentenced. On appeal, the court of appeals affirmed the convictions, rejecting Crosby's argument that the trial was precluded by Fed.R.Crim.P. 43. The Supreme Court disagreed with the appellate court and held that "[t]he language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant *who is not present at the beginning of trial.*" (Emphasis added.) *Id.* at 262, 113 S.Ct. at 753, 122 L.Ed.2d at 33. The court in *Crosby* commented that the federal rule made a logical distinction between pretrial and midtrial flights because "the costs of suspending a proceeding already under way will be greater than the cost of postponing a trial not yet begun. If a clear line is to be drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line." *Id.*, 506 U.S. at 261, 113 S.Ct. at 752, 122 L.Ed.2d at 32.

{¶ 17} The *Crosby* court also noted that under the common law, felony defendants generally had an unwaivable right to be present at trial and that an exception to this rule, set forth in Fed.R.Crim.P. 43, stemmed from the court's holding in *Diaz v. United States* (1912), 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500. *Crosby*, 506 U.S. at 259-260, 113 S.Ct. at 751, 122 L.Ed.2d at 31. In the case now before us, the state relies on *Diaz* for the proposition that Meade's trial in his absence was proper because, by absconding, Meade waived his right to be present.

{¶ 18} However, we agree with the court of appeals that the state's reliance on *Diaz* is misplaced. In *Diaz*, the defendant had absented himself voluntarily on two occasions *from the later stages of his ongoing trial*. The court in *Diaz* concluded that the trial properly proceeded in his absence because it did " 'not seem * * * to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial *already*

*commenced.*' " (Emphasis added.) *Id.*, 223 U.S. at 457, 32 S.Ct. at 254, 56 L.Ed. at 506, quoting *Falk v. United States* (1899), 15 App.D.C. 446, 454. The court in *Diaz* also stated:

"[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, *after the trial has begun in his presence*, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Emphasis added.) *Id.*, 223 U.S. at 455, 32 S.Ct. at 254, 56 L.Ed. at 505, citing, among other authorities, *Fight v. State* (1835), 7 Ohio 180, Pt. I.

**{¶ 19}** In *Fight*, this court held that where a trial is already *in progress,* and the defendant absconds, it is proper to proceed with the trial in his or her absence. In *Fight*, the defendant was present for the first day of his jury trial and testimony was taken. The next morning, however, the defendant failed to appear. Trial proceeded in his absence and the jury found the defendant guilty. Notably, this court in *Fight* indicated that the trial court did not err in proceeding with the trial because the jury had been impaneled *before* the defendant absconded. Specifically, Justice Wood, speaking for the court, reasoned that "[i]f on bail, I apprehend, neither the courts in Great Britain, nor the United States, *would proceed to impanel a jury, in a trial for felony, unless the accused were present*, to look to his challenges. If the trial, however, *is once commenced*, and the prisoner in his own wrong *leaves the court, abandons his case to the management of counsel and runs away*, I can find no adjudged case to sustain the position, that, in England, the proceedings would be stayed." (Emphasis added in part.) *Id.* at 182-183.

**{¶ 20}** We believe that the holdings in *Crosby*, *Diaz* and *Fight* support the court of appeals' finding that Meade's felony jury trial in his absence was improper.

In addition, the court of appeals' determination is consistent with the mandates of R.C. 2945.12, which provides:

"A person indicted for a misdemeanor, upon request in writing subscribed by him and entered in the journal, may be tried in his absence by a jury or by the court. *No other person shall be tried unless personally present, but if a person indicted escapes or forfeits his recognizance after the jury is sworn, the trial shall proceed and the verdict be received and recorded.* If the offense charged is a misdemeanor, judgment and sentence shall be pronounced as if he were personally present. If the offense charged is a felony, the case shall be continued until the accused appears in court, or is retaken." (Emphasis added.)

{¶ 21} R.C. 2945.12 is clear. The statute permits the trial of accused felons in absentia only if their voluntary absence occurred *after* the jury has been sworn.

{¶ 22} Moreover, we also note that the conclusion reached by the court of appeals in this case is consistent with the law regarding the Fifth Amendment protection against double jeopardy. See, *e.g.*, *Crist v. Bretz* (1978), 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24, 31; and *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642, 650 (Jeopardy attaches when the jury is impaneled and sworn, or, in a bench trial, when the judge begins to receive evidence). In this regard, we find that the better course is to remain uniform with an area of the law that is firmly rooted in our system of jurisprudence.

{¶ 23} The court of appeals' decision that Meade's trial had not officially commenced at the time Meade absented himself is supported by case law and the plain language of both R.C. 2945.12 and Crim.R. 43(A). A jury trial commences after the jury is impaneled and sworn in the presence of the defendant. Here, Meade fled before the jury had been impaneled and sworn. The trial court should have continued the proceedings until Meade reappeared or was apprehended on the capias.

**{¶ 24}** Accordingly, we affirm the judgment of the Cuyahoga County Court of Appeals and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed*

*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____