JOURNAL ENTRY AND OPINION
Defendant-appellant Thomas Brockman appeals from his plea-bargained guilty convictions on two counts of voluntary manslaughter and one count of aggravated robbery.
Defendant and co-defendant Eileen Slack were originally indicted in Case No. CR-342633 on two counts of aggravated murder and one count of aggravated robbery. The charges arose out of a scheme in which defendant drove Slack and another accomplice to a supermarket where they shot and killed two victims during an aggravated robbery. Defendant then drove them away in the get- away car. The third perpetrator was later killed in a shoot-out with police. Each of the three counts against defendant contained firearm specifications, a repeat violent offender specification, and a notice of his prior conviction of robbery.
The matter proceeded to a hearing on November 4, 1996. The prosecutor informed the court that the parties reached a plea bargain. The prosecution agreed to amend counts one and two from aggravated murder to the lesser charge of involuntary manslaughter and to delete the two firearm specifications accompanying each count. Count three continued to charge aggravated robbery, but the firearm specifications were also deleted from this count. The prosecution agreed to the reduction in charges in return for defendant's guilty pleas and truthful testimony against Slack, his co-defendant.
The prosecutor explained that each charge as amended was a first degree felony punishable by three to ten years imprisonment. The prosecution also noted that each count also contained a repeat violent offender specification, which would subject defendant to additional imprisonment of one to ten years on each charge.
Defense counsel acknowledged that the prosecutor's recitation of the plea bargain was true and accurate. She stated that defendant's guilty pleas followed considerable discussions with counsel and were knowingly, voluntarily, and intelligently made.
The court thereafter spoke directly with defendant during an extended colloquy and explained his rights in detail. The court again explained the possible penalty for each offense. Defendant stated he understood the proceedings, the nature of the charges, and the possible penalties. He then entered guilty pleas to the three amended charges.
Accepting defendant's guilty pleas, the trial court found him guilty of the charges as amended in the indictments. The trial court referred the matter to the probation department for a presentence report and scheduled the matter for sentencing. The court then dismissed a companion case, Case No. CR-341196, involving the same charges.
Defendant and his attorney spoke to the court at the sentencing hearing, and statements from relatives of the slain victims followed. Defendant stated that he had previously been in prison three times and spent "[m]ost of my life" of forty-one years in prison. After discussing the circumstances of the crimes in the case at bar, the trial court concluded that the aggravated robbery was the "worst form of that offense." It imposed the maximum ten-year sentence on that count, in addition to eight- year sentences on the two involuntary manslaughter convictions. The court concluded that to protect the public, in light of defendants "extremely lengthy history of criminal behavior," the aggravated robbery was to run consecutive to the concurrent sentences imposed on the other two charges. Without objection from the state or defendant, the court dismissed the repeat violent offender specifications from the indictment and did not impose any further penalty. Defendant, through new counsel, raises two assignments of error.
Defendant's first assignment of error follows:
 THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 43 IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.
This assignment lacks merit.
Defendant's first assignment contends that the trial court improperly conducted the guilty plea hearing in defendant's absence. His two-paragraph argument contends the hearing began before defendant was present in the courtroom.[1] He complains that the "prosecutor picked up where he left off, never having started over for the benefit of the appellant."
We note initially that, contrary to defendant's argument, the record does not clearly show that defendant was not present in the courtroom for the entire proceeding. The transcript excerpt cited by defendant provides in its entirety as follows:
 THE COURT: The Court calls Case Number 341196 and 342633, State of Ohio versus Thomas M. Brockman. Representing the State of Ohio is Assistant County Prosecutor Rob Glickman. Representing the defendant is Attorney Mary Papcke. Mr. Glickman, would you kindly advise the Court?
 [THE PROSECUTOR]: Yes, Judge. In Case Number — and I apologize — in Case Number 342633, its [sic] our understanding that the defendant wishes to withdraw his formerly entered plea of not guilty and enter a plea of guilty to an amended —
 [DEFENSE COUNSEL]: Why don't you wait until he comes in?
 THE COURT: I didn't realize he wasn't in. You can continue.
(Tr. 2.)
At most, the transcript reveals that defense counsel did not believe that defendant was present with her. The trial court's journal entry specifically states, however, that defendant appeared in open court with counsel to enter his guilty pleas.
The court's apparent admission of a mistake must be interpreted in the light of the judge's next comment, which directed defense counsel to proceed. The transcript contains absolutely no break in the proceedings to provide time for defendant to arrive in the courtroom or to reflect that he subsequently entered the courtroom. The transcript reveals, furthermore, that defendant spoke in an extended dialogue with the judge immediately following the recital of the terms of the plea bargain and his own counsel's statement that the prosecutor's recital was true and accurate. It appears, therefore, that he was in fact in the courtroom at the outset, even if he was not in the immediate vicinity of defense counsel when the trial judge called the case for hearing. Because the record is ambiguous, at best, concerning whether defendant was absent from the courtroom at the outset of the hearing, defendant has not met his burden of exemplifying any error. Compare State v. Welsh (1978), 53 Ohio St.2d 47.
Even if defendant were not present in the courtroom at the outset of the guilty plea hearing as he contends on appeal, however, we find no reversible error in the case at bar. The record shows that any error from his momentary absence was cured, waived, ratified, and rendered harmless in light of subsequent events during the proceedings.
As noted above, the proceedings began with a statement informing the trial court that a plea bargain had been reached by the parties. Absolutely nothing of substance concerning the case was discussed in the prosecution's one-sentence introduction. Immediately after the above quoted excerpt, without any break in proceedings, the prosecutor explained in complete detail the terms of the plea bargain and how the charges were amended to reduce the severity of the offenses. See Crim. R. 11 (F). Contrary to defendant's argument, the record demonstrates that there were no proceedings to explain the terms of the plea in his absence, and the prosecutor fully explained the terms of the plea bargain after the defense counsel's statement.
By reciting fully the terms of the plea bargain in the presence of defendant, the prosecution cured any error resulting from its one-sentence prefatory comment to the trial judge when defendant was not in his counsel's immediate presence. Defense counsel waived any claim of error, moreover, by not requesting the trial court call the case a second time. Defendant himself ratified the action by entering his guilty pleas, which his own counsel admitted had "satisfied all the requirements of Rule 11." (Tr. 11.) Finally, not only has defendant failed to argue or show any prejudice, but the record reveals no reasonable possibility of prejudice. Crim.R. 52 (A); State v. Meade (1997), 80 Ohio St.3d 419,424; State v. White (1998), 82 Ohio St.3d 16, 26. The prosecution explained in complete detail the terms of the plea bargain after defendant arrived and defendant has produced no evidence to the contrary.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED BY ACCEPTING A GUILTY PLEA WITHOUT STRICTLY ADHERING TO THE REQUIREMENTS OF CRIMINAL RULE 11 IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.
This assignment lacks merit.
Defendant contends the trial court violated Crim.R. 11 by inquiring, at one time, whether he pled guilty to all three reduced charges, rather than separately asking him in succession about each of the three individual charges.
Crim.R. 11, effective on the date of defendant's guilty pleas, provided in pertinent part as follows:
(C) Pleas of guilty and no contest in felony cases
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation.[2]
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed to judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
We find, contrary to defendant's argument, that no violation of Crim.R. 11 occurred in the case at bar. As noted by defendant, Crim.R. 11 (C) (2) (a) referred to the term "charge" in the singular. Crim.R. 8 (A), however, provides for the joinder of multiple offenses, or "charges," in separate counts of an indictment. Even a cursory review of Crim.R. 11 (C) (2) reveals that it did not require the plea for each charge be discussed separately. In fact, the rule did not specify the procedure to be used in cases involving guilty pleas when multiple charges are pending.
Under such circumstances, Crim.R. 57 (B) governs when procedure is not otherwise specified by rule. It specifically provides as follows:
(B) Procedure not otherwise specified
 If no procedure is specifically provided by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to applicable law if no rule of criminal procedure exists.
Defendant has not shown why, as part of a plea bargain, a single inquiry as to how a defendant desires to plead to multiple counts in a single indictment is "unlawful" or how such an inquiry is inconsistent with any rules of procedure or applicable law. Moreover, contrary to his argument, the procedure followed by the trial court is consistent with the purpose and construction of the Criminal Rules. Crim.R. 1 (B) specifically provides as follows:
(B) Purpose and construction
 These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.
The procedure followed by the trial court in the case at bar accomplished all these results.
Defendant's citation to State v. Johnson (1988), 40 Ohio St.3d 130,133, as support for his argument to the contrary is particularly misplaced. In fact, Johnson supports the exact opposite proposition. In Johnson the trial court likewise inquired only once about how the defendant intended to plead to three separate charges.
The Supreme Court quoted the guilty plea transcript in Johnson as follows:
 THE COURT: * * * Now, sir, what is your plea to these three separate charges?
THE DEFENDANT: Guilty.
Id. at 131. The Supreme Court upheld the validity of the plea in Johnson and specifically held that the trial court committed "no error." Id. at 134 (Emphasis in original.)[3]
As in Johnson, it should be noted that, even had defendant shown any error, he failed to show any resulting prejudice. Id. at 134. Defendant has not argued, let alone presented any evidence, there was any confusion that he was pleading guilty to each of the three charges. The transcript in the case at bar provides as follows:
 THE COURT: How do you wish to plead to the charges as amended in counts 1, 2 and 3?
MR. BROCKMAN: Guilty.
The trial court accepted defendant's pleas and found him guilty on each separate count. As in Johnson, defendant never made a motion to withdraw his guilty pleas based on any alleged confusion he may have had. Id. at 132.
Finally, we also reject defendant's argument that the trial court failed to strictly or scrupulously comply with Crim.R. 11. The record reveals, to the contrary, that the trial court complied in all respects with Crim.R. 11. The rule simply does not express any specific procedure to be followed in cases involving guilty pleas when multiple charges are pending.
It should also be noted that the standard for reviewing trial court compliance with Crim.R. 11 is "substantial," rather than "strict" or "scrupulous," compliance when the alleged defect does not involve denial of a constitutional right. Id. at 132. Defendant has cited no authority, nor are we aware of any, establishing a state or federal constitutional right mandating a trial court to inquire separately about the plea a defendant desires to enter on each count of a multi-count indictment pursuant to a plea bargain.
Accordingly, defendant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
_________________________ DIANE KARPINSKI PRESIDING JUDGEJAMES D. SWEENEY. J., and
PATRICIA A. BLACKMON, J., CONCUR.
[1] Crim.R. 43 governs the presence of defendant during the proceedings and provides in pertinent part as follows:
 (A) Defendant's presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules.
[2] Crim.R. 11 was amended effective July 1, 1998, after defendant's guilty pleas in the case at bar, to make the term "charge" plural in subsection (C) (2) (a) and to add after probation or for the imposition of community control sanctions at the sentencing hearing."
[3] The central issue in Johnson was whether the trial court had an obligation to expressly inform the defendant prior to taking his plea that the court could impose the sentences on separate counts consecutively rather than concurrently.