JOURNAL ENTRY AND OPINION
Riley Chancey, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. 365412, in which the trial court overruled defendant-appellant's motions for a new trial. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is not well taken.
On July 20, 1998, the Cuyahoga County Grand Jury returned a two-count indictment against defendant-appellant. The first count of the indictment charged defendant-appellant with felonious assault, a felony of the second degree, in violation of R.C. 2903.11. The second count of the indictment charged defendant-appellant with drug possession, a fifth degree felony, in violation of R.C. 2925.11. The charges arose out of a physical altercation on April 18, 1998, in which defendant-appellant allegedly participated. On August 5, 1998, defendant-appellant was arraigned whereupon a plea of not guilty was entered to both counts of the indictment.
A jury trial commenced on November 4, 1998. On the first day of trial, a jury was selected and sworn, opening statements were given by both sides and the state presented the testimony of Willie Jones, Jr. and Keith Sizemore, two eyewitnesses to the altercation. Mr. Sizemore testified that he, Willie Jones, Jr., and Kim Taylor entered a parking lot located at East 62nd and Broadway in order to purchase food at either Mr. Hero's or the adjacent Convenient Food Mart. Once inside Mr. Hero's, words were exchanged between Mr. Sizemore and a white male named Matthew who allegedly used a racial slur to describe Mr. Sizemore. The group then left Mr. Hero's and proceeded to the Convenient Food Mart. Mr. Sizemore testified that several white males, including defendant-appellant, continued to harass the group with racially motivated comments. A physical altercation ensued during which Mr. Jones' face was cut by a bottle. Although Mr. Sizemore did not actually witness the assault, he did look up and see Mr. Jones' face bleeding and defendant-appellant standing next to him saying "That's why your eye is f___ed up."
The second witness for the state, Willie Jones, Jr., testified that defendant-appellant was the one who struck him in the face with a glass bottle during the fight. After being struck, Mr. Jones attempted to chase defendant-appellant, but at this point, the police arrived on the scene and hostilities eventually ceased. Mr. Jones identified defendant-appellant to the officers on the scene as the man who had struck him with a bottle. Mr. Jones also identified defendant-appellant from a photo array presented by the police approximately two days after the incident. Mr. Jones needed approximately 35 stitches to close the wound to his face.
At this point in the proceedings, the trial court adjourned for the evening. The jury and the parties were instructed to return at 8:30 a.m. the next morning at which time the trial would continue. Defendant-appellant failed to appear for trial at 8:30 a.m. the next morning as ordered. At 8:54 a.m., the trial court issued a capias for defendant-appellant due to his failure to appear. The jury was then brought into the courtroom and the case proceeded in the absence of defendant-appellant.
The third witness for the state was Kim Taylor. Mr. Taylor testified that he was initially fighting with defendant-appellant. Somehow, they became separated and Mr. Taylor began fighting with another unidentified individual. During the incident, Mr. Taylor observed defendant-appellant swinging a bottle at Mr. Jones' head. Mr. Taylor saw glass shatter and saw blood on Mr. Jones' face. Mr. Taylor also identified defendant-appellant from a photo array shown him by the investigating officer.
Approximately twenty minutes into Mr. Taylor's testimony, defendant-appellant appeared and sat down at the trial table. During the morning recess, the trial court inquired into the reason for defendant-appellant's absence. Defendant-appellant responded that he was late because he had forgotten his wallet and was unable to pay for parking his car. Consequently, defendant-appellant had to return home to retrieve the wallet. At this point, the trial court placed defendant-appellant in custody for the remainder of the proceedings.
The remaining three witnesses for the state were Officer Gregory Kwan, Officer Michael Lawrence and Detective Antonio Grooms of the Cleveland Police Department. Officer Kwan and Officer Lawrence, who were partners, testified that they were the first patrolmen to arrive on the scene of the altercation. The officers subsequently placed defendant-appellant in custody since, in their opinion, he had been a clear aggressor in the altercation. Once defendant-appellant was placed in custody, the officers discovered a small package of suspected crack cocaine in defendant-appellant's possession.
Detective Grooms testified that he was assigned to complete the follow up investigation of the underlying case. As part of his investigation, Detective Grooms obtained a written statement from defendant-appellant. In the statement, defendant-appellant admitted to being present during the altercation, but denied hitting anyone with a bottle.
The defense case consisted of the testimony of three witnesses, Christopher Nagle, Venessa Romano and Sheldon Chancey. Mr. Nagle testified that, on the night in question, he had been at a house party with defendant-appellant and defendant-appellant's twin brother Sheldon Chancey. Mr. Nagle testified further that he accompanied defendant-appellant and Sheldon Chancey to the Convenient Food Mart on the night in question. Mr. Nagle testified that, after the fight broke out, he saw Sheldon Chancey hit one of the combatants in the face with a bottle. Mr. Nagle maintained that defendant-appellant and Sheldon Chancey, who are twin brothers, look very much alike.
Venessa Romano, Sheldon Chancey's fiancé, testified that she observed both defendant-appellant and her fiancé being punched and kicked by a number of men. Ms. Romano testified further that she saw Sheldon Chancey, not defendant-appellant, hit Willie Jones, Jr. with a bottle.
The final witness for the defense was defendant-appellant's brother Sheldon Chancey. Mr. Chancey testified that he was present during the fight, which he maintained was started by Willie Jones, Jr. When questioned as to whether he had struck Mr. Jones in the face with a bottle, Sheldon Chancey refused to answer invoking his Fifth Amendment privilege against self-incrimination.
At the conclusion of the trial, the jury returned a verdict of guilty to the charges of felonious assault and drug possession as charged in the indictment. The trial court then sentenced defendant-appellant to a four-year prison term on the felonious assault charge and an eight-month sentence on the drug possession charge. The sentences were ordered to be served concurrently.
On November 12, 1998, defendant-appellant filed a motion for new trial in which he maintained he was entitled to a new trial based upon the fact that he was not present at every stage of the trial proceedings as required by the United States and Ohio Constitutions. The trial court overruled defendant-appellant's motion for a new trial on December 15, 1998. Defendant-appellant filed a notice of appeal from the initial judgment of the trial court, which this court designated as Appeal No. 75633.
On March 8, 1999, defendant-appellant filed a second motion for new trial based upon newly discovered evidence. Attached to defendant-appellant's motion was the affidavit of Sheldon Chancey, which provided in pertinent part:
 It happened like this. The "victim" and at least five of his friends had attacked Riles and me. At a certain point in the fight, the "victim" and two of his friends had Riley on the ground and were beating him up. To save Riley, I threw a bottle at one of the guys beating Riley up. To save Riley, I would have thrown ten bottles if I had them available.
The trial court overruled defendant-appellant's second motion for a new trial on March 10, 1999. Defendant-appellant filed a second notice of appeal from the trial court's ruling, which this court designated as Appeal No. 76277.
Upon defendant-appellant's motion, this court consolidated defendant-appellant's separate appeals for hearing and disposition.
Defendant-appellant's first assignment of error, as set forth in Appeal No. 75633, states:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GRANTING DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL, FINDING THAT THE DEFENDANT HAD VOLUNTARILY ABSENTED HIMSELF FROM TRIAL, THEREBY DENYING THE DEFENDANT-APPELLANT THE RIGHT TO BE PRESENT AT EVERY STAGE OF TRIAL.
Defendant-appellant argues, through his first assignment of error, that the trial court improperly denied his initial motion for a new trial. Specifically, defendant-appellant maintains that he did not, as the trial court determined, voluntarily absent himself from the second day of trial, but rather, was involuntarily detained due to an inadvertent mistake. It is defendant-appellant's position that, by conducting a portion of the trial in his absence, the trial court violated his constitutional right to be present at every stage of the proceedings and deprived him of the right to a fair trial.
Crim.R. 33 states in pertinent part:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights.
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses of the state;
 (3) Accident or surprise which ordinary prudence could not have guarded against * * *;
* * *
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court must postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
A trial court's decision to grant or deny a motion for a new trial is not subject to reversal on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71,564 N.E.2d 54, syllabus. An abuse of discretion exists where the trial court record demonstrates that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410,413, 575 N.E.2d 167; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144. The discretionary decision to grant a motion for a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party. State v. Otten (1986), 33 Ohio App.3d 339,340, 515 N.E.2d 1009; State v. Wilson (Dec. 3, 1998), Cuyahoga App. No. 72165, unreported.
In State v. Hill (1995), 73 Ohio St.3d 433, 444,653 N.E.2d 271, the Ohio Supreme Court held that a defendant "has a fundamental right to be present at all critical stages of his criminal trial." See, also, Mentor v. Caswell (1997), 123 Ohio App.3d 256,259, 704 N.E.2d 26. Nevertheless, in State v. White
(1998), 82 Ohio St.3d 16, 26, 693 N.E.2d 772, the Supreme Court stated further that a defendant's right to be present at his or her trial is not an absolute right. Pursuant to Crim.R. 43 (A), a defendant's right to be present may be waived by his or her own actions. State v. Meade (1997), 80 Ohio St.3d 419, 421,687 N.E.2d 278. Accordingly, when a defendant voluntarily absents himself from trial after the jury has been sworn, the trial may proceed to its conclusion. State v. Liston (Sept. 24, 1999), Portage App. No. 98-P-0039, unreported; State v. Van Erwin (Mar. 11, 1976), Cuyahoga App. No. 34641, unreported. Such an absence by a defendant creates a waiver of an offender's right to be present at all stages of the trial. This principle recognizes a defendant's right to be present and imposes a correlating duty upon the defendant to appear at trial. State v. Kirkland (1984),18 Ohio App.3d 1, 2, 480 N.E.2d 85. The voluntariness of an accused's nonappearance is an issue of fact and the trial court is permitted to find that a defendant's absence was voluntary when there is un-refuted evidence that the accused was aware of his obligation to attend the court proceedings. In re Ruth (June 19, 1998), Ashtabula App. No. 96-A-0086, unreported.
In the case herein, a review of the record demonstrates that defendant-appellant was absent from the second day of trial for a portion of Kim Taylor's testimony. Mr. Taylor. was the first witness for the state that day. When questioned as to why he was late, defendant-appellant maintained that he had forgotten his wallet at his home and had been unable to pay for parking. Defendant-appellant acknowledged that he was aware of his obligation to appear for trial at 8:30 a.m. on the day in question and he was not physically prevented from attending the trial. Given the fact that the question of an accused's nonappearance at trial is a question of fact, see In re Ruth,supra, it is apparent from the record that the trial court properly determined that defendant-appellant's short absence from the proceedings constituted a voluntary waiver since defendant-appellant knew he had to be in court and failed to appear in a timely manner as previously ordered. In addition, it is clear from the record that defendant-appellant's short absence did not deprive him of a fair trial nor did the trial court's decision to proceed in his absence prejudice defendant-appellant in any way. Liston, supra. Accordingly, the trial court did not err by overruling defendant-appellant's first motion for a new trial.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error, as set forth in Appeal No. 76277, states:
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GRANTING THE DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE, WHERE SUCH EVIDENCE DISCLOSES A STRONG PROBABILITY THAT IT WOULD CHANGE THE RESULT AND IS NOT MERELY CUMULATIVE AND IS NOT SUBMITTED MERELY TO IMPEACH OR CONTRADICT FORMER EVIDENCE.
Defendant-appellant argues, through his second assignment of error, that the trial court improperly overruled his second motion for a new trial. It is defendant-appellant's position that the trial court should have ordered a new trial based upon the affidavit of defendant-appellant's brother Sheldon Chancey. Defendant-appellant contends that the affidavit, in which Sheldon Chancey confesses to striking Mr. Jones with a bottle, constituted newly discovered evidence necessitating a new trial in this matter, pursuant to the mandates of Crim.R. 33(A)(6).
As previously stated, the decision to grant or deny a motion for a new trial is within the sound discretion of the trial court and such decision will not be disturbed on appeal absent an abuse of discretion. State v. Hill (1992), 64 Ohio St.3d 313,595 N.E.2d 884. In Toledo v. Easterling (1985), 26 Ohio App.3d 59,498 N.E.2d 198, the Sixth District Court of Appeals noted that the requirements for granting a motion for a new trial based upon newly discovered evidence were set forth by the Ohio Supreme Court inState v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370:
 To warrant the granting of a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to the former evidence, and (6) does not merely impeach or contradict the former evidence.
See, also, State v. Tomlinson (1997), 125 Ohio App.3d 13,707 N.E.2d 955; State v. Jamison (Nov. 25, 1998), Cuyahoga App. No. 73495, unreported.
In the case sub judice, a review of the record demonstrates that defendant-appellant has failed to present "newly discovered" evidence as contemplated under the Ohio Supreme Court's holding in Petro. The defense theory that defendant-appellant's brother, Sheldon Chancey, had been the actual perpetrator of the felonious assault against Mr. Jones was previously advanced at trial through the testimony of both Christopher Nagle and Venessa Romano who maintained that Sheldon Chancey had struck Mr. Jones with the bottle, not defendant-appellant. Clearly, the jury heard the defense testimony and weighed it against the eyewitness identification of defendant-appellant as the perpetrator by three of the state's witnesses including the victim of the assault. The jury also had the opportunity to observe both defendant-appellant and Sheldon Chancey, and concluded that the eyewitness identification of defendant-appellant was compelling. Under the circumstances presented herein, defendant-appellant has failed to demonstrate that the outcome of the trial would be different if a new trial were granted. State v. King (1989), 63 Ohio App.3d 183,193, 578 N.E.2d 501, 511. For the foregoing reasons, the trial court did not abuse its discretion by overruling defendant-appellant's second motion for a new trial based upon newly discovered evidence. See, also, State v. Fussell (May 20, 1999), Cuyahoga App. No. 73713, unreported.
Defendant-appellant's second assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and BLACKMON, J., CONCUR.
 _______________________________ MICHAEL J. CORRIGAN, JUDGE