[Cite as *State v. Bell*, 2017-Ohio-7512.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-723 |
| | : | |
| NICOLETTE E. BELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of September, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

BEN M. SWIFT, Atty. Reg. No. 0065745, P.O. Box 49637, Dayton, Ohio 45449
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Nicolette E. Bell, appeals from her conviction for felonious assault, abduction, and assault following a bench trial in the Greene County Court of Common Pleas. In support of her appeal, Bell contends that the trial court lacked jurisdiction to conduct a bench trial because she did not validly waive her right to a jury trial. Bell also contends that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. In addition, Bell claims that the trial court erred in failing to merge her convictions for felonious assault and abduction. The State concedes and we agree that Bell did not validly waive her right to a jury trial; accordingly, the judgment of the trial court will be reversed and the matter will be remanded for a new trial.

**Facts and Course of Proceedings**

{¶ 2} On December 7, 2015, the Greene County Grand Jury returned an indictment charging Bell with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. On January 8, 2016, Bell entered a not guilty plea to all the charges and the matter was scheduled for a jury trial.

{¶ 3} Three days before trial, on October 7, 2016, Bell's counsel filed a "Motion to Withdraw Jury Demand" signed by Bell that stated: "Now comes the Defendant, by and through counsel, and hereby withdraws her Jury Demand filed herein." Motion to Withdraw Jury Demand (Oct. 7, 2016), Greene County Court of Common Pleas Case No.

2015-CR-723, Docket No. 76.  The trial court granted the motion via an entry filed on October 7, 2016.  The trial court then held a three-day bench trial that concluded on October 12, 2016.

{¶ 4} Following the bench trial, the trial court found Bell guilty as charged.  The trial court then sentenced Bell to four years in prison for felonious assault and twelve months in prison for abduction.  The trial court did not impose a prison term for the misdemeanor assault.  The prison sentences for felonious assault and abduction were ordered to run concurrently for a total prison term of four years.

{¶ 5} Bell now appeals from her conviction, raising three assignments of error for review.

**First Assignment of Error**

{¶ 6} Bell's First Assignment of Error is as follows:

THE TRIAL COURT LACKED JURISDICTION TO TRY BELL WITHOUT A

JURY.

{¶ 7} Under her First Assignment of Error, Bell contends that the trial court lacked jurisdiction to conduct a bench trial because she did not validly waive her right to a jury trial.  Bell claims that her waiver was invalid because it did not strictly comply with the requirements set forth in R.C. 2945.05.  The State concedes error in this regard and agrees that the matter should be remanded for a new trial.

{¶ 8} R.C. 2945.05 sets forth the manner in which a defendant may waive his or her right to a jury trial.  *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6.  The statute provides as follows:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

R.C. 2945.05.

{¶ 9} Based on this statute, the Supreme Court of Ohio has identified five conditions that must be satisfied in order for a jury waiver to be valid. *Lomax* at ¶ 9. The jury waiver must be: "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Id.* Trial courts must strictly comply with these requirements. *State v. Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751, ¶ 15, citing *State v. Pless*, 74 Ohio St.3d 333, 337 and 339, 658 N.E.2d 766 (1996). (Other citation omitted.) "In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *Pless* at 337, citing *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979) and *State ex rel. Jackson v. Dallman*, 70 Ohio

St.3d 261, 638 N.E.2d 563 (1994).

{¶ 10} While there must be strict compliance with the five conditions in R.C. 2945.05, we note that a written jury waiver need only substantially comply with the language suggested in R.C. 2945.05, making a verbatim recitation of the statutory language unnecessary. *State v. Webb*, 10th Dist. Franklin No. 10AP-289, 2010-Ohio-6122, ¶ 26-27, citing *State v. Townsend*, 3d Dist. Marion No. 9-03-40, 2003-Ohio-6992, ¶ 16. (Other citations omitted.)

{¶ 11} " 'To satisfy the "in open court" requirement in R.C. 2945.05, there must be some evidence in the record that the defendant, while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court.' " *State v. Brewer*, 2d Dist. Montgomery Nos. 22159, 22160, 2008-Ohio-2715, ¶ 27, quoting *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279 at paragraph two of the syllabus. "[A] trial court does not need to engage in an extended colloquy with the defendant in order to comply with the statutory requirement that a jury waiver be made in open court. There must be, however, some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any. Absent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid." *Lomax* at ¶ 42.

{¶ 12} R.C. 2945.05 must be read in conjunction with Crim.R. 23(A), which also governs the waiver of a defendant's right to a jury trial. *State v. Burnside*, 186 Ohio App.3d 733, 2010-Ohio-1235, 930 N.E.2d 372, ¶ 47 (2d Dist.). "Crim.R. 23(A) allows a defendant to waive his right to a trial by jury in serious offense cases provided that the waiver is made knowingly, intelligently, and voluntarily, and in writing." (Footnote

omitted.) *Lomax* at ¶ 6.   Specifically, Crim.R. 23(A) provides that:

> In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury.   Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney.   In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial.   Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later.   Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶ 13} We note that the language of Crim.R. 23(A) distinguishes between jury-trial waivers in "serious offense cases" and "petty offense cases."   A "petty offense" is defined in Crim.R. 2(D) as "a misdemeanor other than a serious offense."   A "serious offense" is defined in Crim.R. 2(C) as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 14} The State concedes that this is a "serious offense case" because it involves serious offenses, including felonious assault and abduction, which are second and third-degree felonies that carry prison terms greater than six months.   R.C. 2929.14(A).   Therefore, in order to comply with Crim.R. 23(A), Bell had to knowingly, intelligently, and voluntarily waive her right to a jury trial in writing.   To meet this requirement, "some type of colloquy must occur between the defendant and the trial court."   *State v. Anderson*, 1st Dist. Hamilton No. C-070098, 2007-Ohio-6218, ¶ 8.

**{¶ 15}** After a thorough review of the record, we find that the jury-waiver requirements in R.C. 2945.05 and Crim.R. 23(A) were not satisfied in this case. In an effort to waive Bell's right to a jury trial, Bell's trial counsel filed a one sentence "Motion to Withdraw Jury Demand" that stated: "Now comes the Defendant, by and through counsel, and hereby withdraws her Jury Demand filed herein." Motion to Withdraw Jury Demand (Oct. 7, 2016), Greene County Court of Common Pleas Case No. 2015-CR-723, Docket No. 76. The motion contains no language indicating Bell understood that she had a constitutional right to a jury trial or that her waiver of that right was voluntary. Accordingly, the motion does not substantially comply with the language suggested in R.C. 2945.05. *See, e.g., State v. Woodbridge*, 9th Dist. Summit No. 26911, 2014-Ohio-1338, ¶ 6-9 (holding a jury waiver was invalid because there was nothing in the waiver indicating that the defendant understood that he had a constitutional right to a jury trial).

**{¶ 16}** The attempted jury waiver was also never made in open court. The only reference to the jury waiver in open court was the following discussion between the trial court and defense counsel:

THE COURT: Let the record reflect that we're here today for a trial to the bench, also known as to the Court, with the Defendant having withdrawn their demand for jury trial. Now is that a correct statement Mr. Wilcoxson?

DEFENSE COUNSEL: That is correct Your Honor.

THE COURT: Very good. * * *

Trial Trans. (Oct. 10, 2016), p. 1-2.

{¶ 17} During the foregoing discussion, Bell never acknowledged the jury waiver to the trial court, as the trial court never personally addressed her. Rather, the trial court simply confirmed with defense counsel that Bell had withdrawn her "demand for a jury trial." We note that a jury demand was never actually filed and was unnecessary given that this is a "serious offense case" for which Bell was entitled to a jury trial regardless of whether a jury demand was made. Crim.R. 23(A); *State v. Zaken*, 11th Dist. Ashtabula No. 2006-A-0036, 2007-Ohio-2306, ¶ 32 ("In a 'serious offense' case, which is punishable by more than six months confinement, the right to a jury trial is automatic since no written jury demand must be made.").

{¶ 18} In addition to failing to comply with the requirements of R.C. 2945.05, there is nothing in the record indicating that the attempted jury waiver was made knowingly, intelligently and voluntarily as required by Crim.R. 23(A). More specifically, there was no colloquy between the trial court and Bell indicating that Bell knowingly, intelligently and voluntarily waived her right to a jury trial.

{¶ 19} Finally, we note that " '[t]he fact that [Bell] did not object to the trial court proceeding with a bench trial is of no matter. Silent acquiescence to a bench trial is not sufficient to constitute a waiver of a defendant's right to a jury trial.' " *Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751 at ¶ 15, quoting *Tate*, 59 Ohio St.2d at 53, 391 N.E.2d 738.

{¶ 20} For the foregoing reasons, we conclude that Bell did not validly waive her right to a jury trial as prescribed by R.C. 2945.05 and Crim.R. 23(A). As a result, the trial court did not have jurisdiction to conduct a bench trial. Accordingly, the matter must be reversed and remanded for a new trial.

{¶ 21} Bell's First Assignment of Error is sustained.

**Second and Third Assignments of Error**

{¶ 22} Bell's Second and Third Assignments of Error are as follows:

II.     THE EVIDENCE PRESENTED AT TRIAL IS INSUFFICIENT TO SUSTAIN BELL'S CONVICTIONS AND BELL'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III.    BELL'S CONVICTION FOR ABDUCTION SHOULD HAVE MERGED WITH HER CONVICTION FOR FELONIOUS ASSAULT.

{¶ 23} In light of our disposition on Bell's First Assignment of Error, her Second and Third Assignments of Error are rendered moot and are overruled on that basis.

**Conclusion**

{¶ 24} Having sustained Bell's First Assignment of Error, the judgment of the trial court is reversed and the matter is remanded for a new trial.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Nathaniel R. Luken
Ben M. Swift
Hon. Michael A. Buckwalter