[Cite as *State v. Slaughter*, 2022-Ohio-3946.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29305 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-2723 |
| | : | |
| SKYLER SLAUGHTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Courthouse, Ohio 43160
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Skyler Slaughter was convicted after a bench trial in the Montgomery County Court of Common Pleas of failure to notify, a felony of the first degree. He appeals from his conviction, claiming that he did not validly waive his right to a jury trial and that his conviction was against the manifest weight of the evidence. For the following reasons, the trial court's judgment will be reversed, and the case will be remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} In 2013, while Slaughter was a juvenile, he was adjudicated delinquent for committing rape, a felony of the first degree if committed by an adult. As a result of his adjudication, Slaughter was designated a Tier III juvenile sex offender. That designation was reduced to a Tier I juvenile sex offender, which required him to register his residential address with the Montgomery County Sheriff's Office and to verify his address annually for 10 years. Slaughter's registration requirement was scheduled to terminate in January 2023.

{¶ 3} In January 2021, Slaughter verified his residential address on Valleyview Drive in Dayton. In August 2021, officers determined that he was not, in fact, residing at that address and had not notified the Sheriff's Office of his actual address. Consequently, Slaughter was indicted for failure to notify, in violation of R.C. 2950.05(F)(1), with a prior violation of that statute. He remained incarcerated during the pendency of his case.

{¶ 4} A final pretrial conference was held on October 5, 2021, which Slaughter attended remotely from the Montgomery County Jail. During that proceeding, Slaughter

orally waived his right to a jury trial, and he authorized his attorney to sign a jury waiver form on his behalf. The jury waiver form, signed by counsel for Slaughter, was filed on October 6, 2021.

{¶ 5} The matter proceeded to a bench trial during which the State presented four witnesses and five exhibits. Slaughter offered no evidence in his defense. The court found him guilty of failure to notify, as alleged in the indictment, and sentenced him to a mandatory term of a minimum of three years and a maximum of four and a half years in prison.

{¶ 6} Slaughter's original appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she could find no non-frivolous issues for appeal. Upon an initial review of the record, we found that a non-frivolous issue existed regarding whether Slaughter validly waived his right to a jury trial. We rejected the *Anders* brief and appointed new counsel, who now raises two assignments of error. We find the first assignment of error to be dispositive.

## II. Waiver of Jury Trial

{¶ 7} In his first assignment of error, Slaughter claims that the trial court erred in finding that his jury waiver was "adequately, intelligently and knowingly" made, and thus his bench trial violated his rights to due process and a fair trial under the federal and state constitutions. He argues, specifically, that he never signed the jury trial waiver form as required by R.C. 2945.05, and thus, the trial court lacked jurisdiction to conduct a bench trial.

{¶ 8} With limited exceptions, a criminal defendant enjoys the constitutional right

to a jury trial. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 5; R.C. 2945.17. However, a defendant may waive that right. *E.g., State v. Bays*, 87 Ohio St.3d 15, 19, 716 N.E.2d 1126 (1999). The decision whether to waive a jury trial belongs to the defendant, not defense counsel. *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 82.

{¶ 9} In Ohio, Crim.R. 23 and R.C. 2945.05 govern a felony defendant's waiver of the right to a jury trial. *See State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 57. Crim.R. 23(A) provides, in pertinent part: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney." Failure to notify is a serious offense. *See* Crim.R. 2(C) (defining "serious offense" as any felony or any misdemeanor for which the penalty includes confinement for more than six months).

{¶ 10} R.C. 2945.05 sets forth the manner in which a defendant may waive this right. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6. That statute states:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my

right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

Thus, five conditions must be satisfied for a defendant's jury waiver to be valid. *Lomax* at ¶ 9. The jury waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Id.*

{¶ 11} In this case, Slaughter orally waived his right to jury trial during his final pretrial conference on October 5, 2021. Counsel was present in court; Slaughter participated remotely from the jail. During the hearing, the trial court explained the difference between a bench and a jury trial, and Slaughter orally expressed his understanding and that he was waiving his right to a jury trial of his own free will. The court then asked him if he would authorize his defense counsel "to sign a written form that would memorialize in writing" his oral waiver. Slaughter responded affirmatively. The court scheduled a bench trial for October 21, 2021.

{¶ 12} The written jury waiver form, which was filed the next day, was signed by the trial judge and defense counsel. Defense counsel's name appeared above the signature line for defense counsel and again as "[Defense counsel] FOR" above the signature line for "Defendant (must sign in person)." Slaughter did not, at any time,

personally sign a jury waiver form. The question before us, therefore, is whether counsel's signing of the jury waiver form, with Slaughter's express permission, was sufficient to satisfy the statutory requirement that the waiver form be "signed by the defendant." We conclude it was not.

{¶ 13} The Ohio Supreme Court has consistently required strict compliance with the statutory requirements of R.C. 2945.05. In *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979), the Court made clear that "it must appear of record" that a defendant waived his right to a jury trial "in writing in the manner provided by R.C. 2945.05." *Id.* at syllabus. The supreme court again emphasized the need for strict compliance in *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 638 N.E.2d 563 (1994), stating that "[t]here must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury." *Id.* (granting writ of habeas corpus where no evidence that written jury form was ever filed and made a part of the record). The following year, the Ohio Supreme Court appeared to soften its stance, reversing the grant of a writ of habeas corpus where an executed written jury waiver was placed in the court file, but was not filed stamped and formally made a part of the record. *State ex rel. Larkins v. Baker*, 73 Ohio St.3d 658, 653 N.E.2d 701 (1995). The supreme court reasoned that the "failure to strictly comply with R.C. 2945.05 by not filing the executed written waiver was not the result of Larkins's failure to properly waive his right to be tried by a jury and elect to be tried by the court. The evidence is uncontroverted that he did so. Instead, the failure to comply with R.C. 2945.05 was the result of an error on the part

of the trial court to formally file the executed written waiver." *Id.* at 661.

{¶ 14} However, the Ohio Supreme Court quickly reaffirmed the need for strict compliance in *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996). The court limited *Larkins*, stating that "[a]lthough *Larkins* seemingly created an exception to the rule that failure to strictly comply with R.C. 2945.05 deprives a court of jurisdiction to try a criminal defendant without a jury, the sole proposition for which *Larkins* stands is that a violation of R.C. 2945.05 is not the proper subject for habeas corpus relief." *Id.* at 339. It also distinguished *Larkins* procedurally and factually. That same year, on the authority of *Pless*, the supreme court reversed a conviction due to a failure to time-stamp the jury trial waiver form. *State v. Haught*, __ Ohio St.3d __, 670 N.E.2d 232 (1996).

{¶ 15} Since then, the Court has repeatedly reiterated the need for strict compliance with R.C. 2945.05. *See State v. Otte*, 94 Ohio St.3d 167, 761 N.E.2d 34 (2002) (affirming denial of application for reopening where appellant would have lost had a *Pless* issue been raised); *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 29; *State v. Reese*, 106 Ohio St.3d 65, 2005-Ohio-3806, 831 N.E.2d 983 (pro se defendant had "opportunity to consult with counsel" prior to jury waiver, which strictly complied with R.C. 2945.05's requirements); *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279; *State v. Brinkman*, Ohio Slip Opinion No. 2022-Ohio-2550, __ N.E.3d __, ¶ 30-31.

{¶ 16} In its appellate brief, the State asserts that "both *Pless* and R.C. 2945.05 do not contemplate procedure during a global pandemic." The State cites to the common pleas court's March 2020 emergency order, Ohio Supreme Court guidance, and Covid-

19 transmission rates.

{¶ 17} We recognize that public health concerns related to the Covid-19 pandemic have had significant impacts on courts in Montgomery County and throughout Ohio. In March 2020, the Ohio legislature enacted Am.Sub.H.B. No. 197, which tolled, retroactively to March 9, 2020, all statutorily-established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until the expiration of Executive Order 2020-01D or until July 30, 2020, whichever came first. The Ohio Supreme Court similarly issued an administrative order that retroactively tolled the time requirements established by all Supreme Court-promulgated rules for the same period of time. *See State v. Woodard*, 2d Dist. Montgomery No. 29110, 2022-Ohio-3081, ¶ 28.

{¶ 18} The Montgomery County Common Pleas Court, General Division, also issued a series of emergency and administrative orders in response to the Covid-19 pandemic, which included the suspension of jury trials. *See, e.g.,* https://www. supremecourt.ohio.gov/docs/coronavirus/courts/Montgomery/CPGeneral_072720.pdf; *State v. Lovett*, 2d Dist. Montgomery No. 29240, 2022-Ohio-1693. It appears the court last issued an emergency order, which continued the suspension of jury trials, on December 17, 2020. That order expired on March 27, 2021.

{¶ 19} Ohio courts continue to employ protocols to reduce the transmission of the coronavirus among court staff, the public, attorneys, and litigants. The coronavirus remains a persistent presence. However, we find no basis to conclude that Slaughter was precluded from personally signing the waiver form due to those protocols or

otherwise.

**{¶ 20}** On September 14, 2021, the trial court held a scheduling conference for Slaughter's case. At that time, defense counsel told the trial court that he and Slaughter had "had the opportunity to speak at length about his case at the jail here just about an hour ago." When Slaughter orally waived his right to a jury trial three weeks later at the final pretrial conference, there was no discussion about counsel's ability to procure a signed jury waiver form from Slaughter. Rather, after ensuring that Slaughter was waiving his right knowingly, intelligently and voluntarily, the court stated:

THE COURT: Okay. And so Mr. Slaughter has verbally waived his right to a jury trial.

And, Mr. Slaughter, do you authorize your attorney * * * to sign a written form that would memorialize in writing what you just told me verbally which is that you're willing to give up your right to a jury trial and proceed with just a judge trial?

THE DEFENDANT: Yes.

THE COURT: Was that a yes?

THE DEFENDANT: Yes.

**{¶ 21}** It appears that having the form signed by defense counsel was simply a matter of expedience due to the fact that Slaughter was not physically present in court to sign the form himself on October 14, 2021. Slaughter had previously signed a notice of registration duties (State's Ex. 2), and there was no suggestion that Slaughter was physically incapable of signing a jury waiver form. Defense counsel had spoken with

Slaughter at the jail a few weeks before the final pretrial conference, and there is no indication that, due to Covid-19 protocols, defense counsel could not return to the jail to have the form personally signed by Slaughter or could not have otherwise arranged for Slaughter to sign the form prior to trial. We also note that Slaughter personally appeared for trial on October 21, 2021. We find no reason why Slaughter could not have signed a jury waiver form and had it filed that morning before trial began.

{¶ 22} We are aware that Slaughter has suffered no prejudice from the jury waiver procedure used in his case, and we are hard-pressed to find a better example of substantial compliance that approaches strict compliance without actually reaching it. Nevertheless, we are mindful of the warning provided by the Ohio Supreme Court in *Pless*, which reversed a murder conviction when the signed jury waiver was not filed and/or included in the court record:

> We are aware that our decision today might not be well received. Appellant
>
> is a brutal killer and there is no question concerning his culpability in the
>
> slaying of Sherry Lockwood. However, the requirements of R.C. 2945.05
>
> are clear and unambiguous, and we are constrained to enforce the statute
>
> as written. If we were to ignore this statute, as some would have us do,
>
> then, henceforth, no clear and unambiguous statute would be safe from a
>
> "substantial compliance" interpretation.

*Pless*, 74 Ohio St.3d at 340, 658 N.E.2d 766. Justice Resnick similarly commented in her concurring opinion that the statute was "so clear" that there can be "no doubt" that all of the requirements need to be completed for a jury waiver to be valid. *Id.* at 340

(Resnick, J., concurring). She also noted that "[i]n this case, no abuse appears to have occurred, but if we were to allow anything less than strict compliance with the statute, as the dissent would allow, abuses may occur." *Id.* at 340-341.

{¶ 23} Finally, it is irrelevant that Slaughter did not object to the trial court's proceeding with a bench trial. *See State v. Bell*, 2017-Ohio-7512, 96 N.E.3d 1219, ¶ 19 (2d Dist.). Silent acquiescence to a bench trial is not sufficient to waive a defendant's right to a jury trial. *State v. Grier*, 2d Dist. Montgomery No. 23662, 2010-Ohio-5751, ¶ 15, citing *Tate*, 59 Ohio St.2d at 53, 391 N.E.2d 738.

{¶ 24} This case presents the first step in a slippery slope. Were we to sanction Slaughter's oral agreement to having his attorney sign the jury waiver form on his behalf, absent some exceptional circumstance, we might soon find courts employing this practice routinely. As stated by Justice Resnick, "shortcuts, once permitted, will be taken more and more as acceptable practice and without following the requirements that the General Assembly wrote into the law." *Pless* at 341 (Resnick, J., concurring). We are not willing to take this step.

{¶ 25} Slaughter's first assignment of error is sustained. In light of our disposition of the first assignment of error, the second assignment of error is overruled as moot.

### III. Conclusion

{¶ 26} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Steven H. Eckstein
Hon. Mary L. Wiseman