[Cite as *State v. Lee*, 2024-Ohio-1802.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29796 |
| | : | |
| v. | : | Trial Court Case No. 2017 CR 00785/1 |
| | : | |
| CHUCKIE M. LEE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 10, 2024

. . . . . . . . . . .

CHIMA R. EKEH, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Chuckie M. Lee appeals from his convictions for murder, felonious assaults, discharge of a firearm on or near prohibited premises, and having weapons under disability. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

I.     **Procedural History**

{¶ 2} In 2018, following a jury trial, Lee was convicted of murder, multiple counts of felonious assault, and discharge of a firearm on or near prohibited premises. He was also convicted in a bench trial of having weapons while under disability. On appeal, we reversed the convictions and remanded the case for a new trial. *State v. Lee*, 2d Dist. Montgomery No. 28125, 2020-Ohio-3987. The State appealed our reversal but, in November 2020, the Supreme Court of Ohio declined to accept jurisdiction. *State v. Lee*, 160 Ohio St.3d 1460, 2020-Ohio-5332, 157 N.E.3d 793.

{¶ 3} Lee was tried again in late March and early April 2023. The jury and trial court again found Lee guilty of numerous offenses; following the merger of some offenses, Lee was convicted of murder, four counts of felonious assault, discharge of a firearm on or near a prohibited premises, and having weapons under disability. He was sentenced to a lengthy prison term.

{¶ 4} Lee appeals.

## II. Speedy Trial

{¶ 5} Lee's first assignment of error states:

POST-REMAND DELAY IN RETRYING LEE VIOLATED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL.

{¶ 6} Lee contends his constitutional right to a speedy trial was violated.

{¶ 7} A criminal defendant has the right to a speedy trial, which is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. "In Ohio, the right to a speedy trial has been implemented by statutes

that impose a duty on the State to bring to trial a defendant who has not waived his right to a speedy trial within the time specified by the particular statute." *City of Cleveland v. Sheldon*, 8th Dist. Cuyahoga No. 82319, 2003-Ohio-6331, ¶ 16.

{¶ 8} However, Ohio's speedy trial statutes "do not apply following the reversal of convictions by an appeals court, although they can provide guidance in determining the reasonableness of any delay." *State v. Yuen*, 10th Dist. Franklin No. 03AP-513, 2004-Ohio-1276, ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 21, 437 N.E.2d 583 (1982); *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, paragraph one of the syllabus. Thus, a defendant's right to a speedy trial following a reversal and remand is "based on the constitutional standard." (Citations omitted.) *Yuen* at ¶ 8; *State v. Meadows*, 8th Dist. Cuyahoga No. 108452, 2020-Ohio-3888, ¶ 15.

{¶ 9} The United States Supreme Court has established a balancing test to determine whether trial delays are reasonable and, thus, constitutional under the Sixth Amendment to the United States Constitution. In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Court identified four factors to be balanced when making a speedy trial determination: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) any prejudice to appellant. *Id.* at 530. Ohio has adopted this test. *State v. Selvage*, 80 Ohio St.3d 465, 687 N.E.2d 433 (1997). *Barker* stated that no one factor is controlling. *Barker* at 533. However, the court noted that the length of the delay is a particularly important factor as it "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."

*Id.* at 530. The length of delay becomes presumptively prejudicial as it approaches one year in length. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

{¶ 10} Here, Lee was not brought to trial until almost three years after our reversal of his convictions and remand. On its face, this would appear presumptively prejudicial. Thus, we will proceed to the second *Barker* factor, which directs the court to examine the reasons for the delay.

{¶ 11} The record demonstrates that new counsel was appointed for Lee approximately two weeks after the Ohio Supreme Court declined to accept the State's appeal. Following an in-court hearing with new counsel, a trial date was set for August 23, 2021.

{¶ 12} During the three weeks prior to the August 2021 trial date, defense counsel filed a motion for a change of venue and a motion to continue. In the motion to continue, counsel noted that Lee had filed a pro se Affidavit of Disqualification with the Ohio Supreme Court seeking to disqualify the trial judge in his case. The disqualification matter was pending when the motion to continue was filed.[1] The motion further stated that Lee wished to retain an expert witness. The trial court granted the motion to continue, and a new trial date was set for March 14, 2022.

{¶ 13} A couple of weeks before the March 2022 trial date, Lee's attorney filed a motion to continue and Lee filed a pro se motion to suppress. On March 13, 2022, the trial court conducted a hearing on the motion to suppress, which it overruled on April 14,

---

[1] The Supreme Court denied the Affidavit of Disqualification. However, in October 2021, the case was transferred to a new judge as the original trial judge was soon retiring.

2022. Thereafter, a new trial date was set for August 1, 2022.

{¶ 14} In May 2022, Lee requested new counsel. The trial court granted the request, and new counsel was appointed in June 2022. The trial date was then continued to October 24, 2022.

{¶ 15} The week prior to the October trial date, Lee's attorney filed a motion to continue and a motion for a competency evaluation. The motions were granted. The record shows that Lee refused on two occasions to cooperate with psychologists who attempted to conduct the evaluations. A third attempt at an evaluation was successful. Thereafter, on January 9, 2023, the trial court conducted a competency hearing and found Lee competent to stand trial. The court set a trial date for March 27, 2023.

{¶ 16} Thereafter, Lee filed a pro se motion to dismiss on speedy trial grounds. His counsel also filed a motion to dismiss on the same basis. The motions were overruled, and the matter proceeded to trial.

{¶ 17} Lee acknowledges that some of the delay in retrying his case was due to motions he filed. However, he claims that most of that time was due to inaction by the trial court. Specifically, he contends the trial court failed to take any action on the case from the time this court reversed his convictions on August 7, 2020, until it appointed new counsel on December 14, 2020. We disagree. During that time, the case was pending before the Ohio Supreme Court on the State's appeal of this court's decision. Within two weeks of the Supreme Court's denial of jurisdiction, the trial court appointed new counsel for Lee's retrial. Regarding the delay between the time counsel was appointed and the August 23, 2021 retrial date, new defense counsel indicated that a delay was necessary

in order to prepare for the trial. Given the nature of the charges against Lee and delays caused by the COVID pandemic, we cannot say this was an unreasonable amount of time.

{¶ 18} The remaining continuances that were granted in this case were at Lee's request, and the amount of time between each scheduled trial date and the continued trial date was not excessive. Because most of the delay in this case was not the fault of the trial court or the prosecutor, we conclude that Lee has failed to demonstrate a violation of his constitutional rights.

{¶ 19} The first assignment of error is overruled.

### III. Unavailable Witness Testimony

{¶ 20} Lee's second assignment of error states:

THE TRIAL COURT ERRED BY ADMITTING CANDACE ALLEN'S PRIOR TESTIMONY.

{¶ 21} Lee asserts that the trial court erred by allowing the State to present the recorded testimony of a witness who was presented by the State during the first trial. The witness, Candace Allen, died after the first trial; as such, she was obviously unavailable for the second trial. Lee raised an objection to the presentation of the recorded testimony, but the trial court overruled the objection.

{¶ 22} The State points out, however, that Allen's recorded testimony was not ultimately presented during the second trial. Thus, even if we were to conclude that the trial court erred by overruling Lee's objection, there was no prejudice to Lee as the

evidence was not presented.

{¶ 23} The second assignment of error is overruled.

## IV.     Trial Attendance

{¶ 24} In his third assignment of error, Lee asserts:

THE TRIAL COURT ERRED BY COMMENCING THE JURY TRIAL

IN LEE'S ABSENCE.

{¶ 25} Lee asserts that the trial court erred by conducting the jury trial without his presence in the courtroom.

{¶ 26} The fundamental right of a defendant to be present at all critical stages of his or her criminal trial is guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Ohio Constitution. However, a defendant's absence does not necessarily result in prejudicial or constitutional error. *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 83.   "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*." (Emphasis sic.) *Id.*, quoting *Snyder v. Mass.*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 139.

{¶ 27} A review of the record demonstrates that, in the week prior to trial, Lee

refused to attend two scheduled hearings before the court. On March 23, 2023, the trial court ordered jail staff to forcibly remove Lee from his cell and to make him attend a hearing via video from a courtroom located in the jail. During the hearing, the trial court began to explain Lee's right to appear at his trial. Lee became argumentative and continuously interrupted. Lee repeatedly stated that he would not attend the trial. The court ultimately explained Lee's rights and then permitted him to return to his jail cell.

{¶ 28} The day trial commenced, the trial court again ordered that Lee be forcibly removed from his cell and taken to the jail courtroom; the court again addressed him regarding his right to attend trial. Lee reiterated his decision not to attend his trial.

{¶ 29} Thereafter, the trial began, and a jury was seated. Before opening statements, the trial court conducted a colloquy with jail deputies, who confirmed that Lee had stated that he wanted to return to his cell and he had not made any statements indicating he wished to change his mind. During the subsequent days of trial, the trial court inquired each day whether Lee wished to attend prior to beginning the proceedings for the day.

{¶ 30} To address Lee's argument, we must examine the Ohio Supreme Court's interpretation of Crim.R. 43(A)(1) as discussed in *State v. Meade*, 80 Ohio St.3d 419, 687 N.E.2d 278. Crim.R. 43(A)(1)[2] states in relevant part that the "defendant's voluntary absence after the trial has commenced shall not prevent continuing the trial to and including the verdict." In *Meade,* the defendant was in the courtroom before trial but,

---

[2] Crim.R. 43 was amended effective July 1, 2023. This case is governed by the previous version of the rule, but if the new version were applicable, our analysis would not change.

evidently upon learning that a conviction would result in a prison term, he absconded before jury selection began. The trial was then conducted in Meade's absence, and he was convicted.

{¶ 31} The Eighth District reversed Meade's conviction, concluding that the trial court had erred by conducting the trial in Meade's absence. The Supreme Court agreed with the Eighth District, stating that "a jury trial commences after the jury is empaneled and sworn in in the presence of the defendant." *Meade* at syllabus. The Supreme Court concluded that commencing the trial in Meade's absence had violated Crim.R. 42(A)(1) and that the trial court should have continued the trial until Meade reappeared or was apprehended. *Id.* at 424.[3]

{¶ 32} We addressed a similar failure to voluntarily appear situation in *State v. Harris*, 2023-Ohio-3271, 224 N.E.3d 660 (2d Dist.). As here, Harris refused to leave his jail cell to attend the trial. The trial court then conducted jury selection and the jury was sworn in in Harris's absence. After the lunch break, Harris decided to participate in the trial, and he continued to participate until the trial's conclusion. The trial resulted in Harris's conviction.

{¶ 33} We first noted that, like Lee, Harris did not object to the trial's commencement of the trial in his absence, and our review was for plain error. *Harris* at ¶ 38. Although we extensively discussed *Meade*, we noted that Harris, by his voluntary conduct, had invited any error regarding the trial court's decision to commence the trial in

---

[3] *Meade* also references R.C. 2945.12, which provides that, in a felony case, a defendant cannot be tried unless he is "personally present," but if the defendant "escapes or forfeits his recognizance after the jury is sworn," the trial may continue.

his absence. *Id.* at ¶ 46. Under the invited error doctrine, a defendant cannot attack a judgment for an error he induced the trial court to commit. *Id.* We concluded in *Harris* that, on the record before us, we could not conclude that the trial court had committed plain error in commencing the trial after Harris refused to leave the holding cell. "Rather, Harris invited the Crim.R. 43(A) error when he refused to leave his cell." *Id.* at ¶ 57.[4]

{¶ 34} *Harris*, which applied the plain error standard of review and invoked the invited error doctrine, would provide a sufficient basis to overrule Lee's assignment of error. But, instead, we conclude that Lee, by his knowing, voluntary, and steadfast refusal to attend the trial, waived his right to be present at the trial. Thus, the trial court did not commit error, plain, invited, or otherwise.

{¶ 35} In our view, this conclusion is not in conflict with *Meade*. As already stated, a defendant has a fundamental right to attend all important parts of his criminal trial. But as also already noted, a defendant's absence from trial does not create a constitutional error unless the absence prevents a fair trial. When a defendant is aware of his right to be present at trial, his voluntary decision not to leave his cell to attend the trial acts to waive his right to be present at all critical stages of the trial. *Grate,* 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, at ¶ 85, citing *State v. Logan*, 10th Dist. Franklin No. 87AP-633, 1988 WL 41132, *4 (April 28, 1988).

{¶ 36} The situation faced by the trial court in Lee's case was distinct from the situation in *Meade*. In *Meade*, 80 Ohio St.3d 419, 687 N.E.2d 278, the defendant, upon

---

[4] In *Harris*, we suggested that Harris's attendance after the trial's commencement was a relevant factor in our analysis. But this factor, though perhaps pertinent to Harris's calculation, was not helpful to the determination of whether Harris could waive his right to be physically present at the trial's commencement.

his arrest or voluntary reappearance, would presumably have voluntarily been present at all critical stages of the trial. In contrast, Lee steadfastly refused to be a willing trial participant despite being repeatedly advised of his right to be present at trial. In our view, Lee's repeated and adamant refusal to attend the trial constituted a waiver of his constitutional right, as embodied in Crim.R. 43, to be present at all critical stages of the trial, including its commencement. Concluding otherwise would allow a defendant to refuse to leave his cell and indefinitely prevent his trial. Finally, Lee's forced presence at the trial's commencement would not have been a solution to the dilemma confronting the trial court. First, such compulsion is inconsistent with our waiver conclusion. And, even if otherwise, forced attendance at the trial's commencement would have created the specter of injury to Lee and the deputies involved, with the benefit being only Lee's "one-minute cameo appearance" (with such appearance creating a distinct prospect of Lee being disruptive) while the jury was sworn in. *See United States v. Perkins*, N.D. Ga. No. 1:10-CR-97-1-JEC-LTW, 2013 WL 3820716, *21 (Jul. 23, 2013).

{¶ 37} For the reasons discussed above, Lee's third assignment of error is overruled.


## V. Waiver of Jury Trial

{¶ 38} Lee's fourth assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT LEE WAIVED HIS RIGHT TO A JURY TRIAL ON COUNTS X AND XI.

{¶ 39} Lee asserts the trial court erred by concluding he had waived his right to a

jury trial on the two counts of having a weapon while under disability.

{¶ 40} The issue of waiver of a jury trial for the weapons under disability charges was discussed on the record by the trial court, defense counsel, and the prosecutor. The State noted that Lee had waived a jury trial on these two charges during his first trial and inferred from this that his waiver should remain in effect, because Lee had not revoked it for purposes of his retrial. Defense counsel indicated that they had recommended a waiver of a jury trial on the charges in question, but that they could not confirm Lee wished to do so given that he refused to communicate with counsel. Noting that most defendants prefer to forego a jury trial on such charges, the trial court determined that the charges would be tried to the court.

{¶ 41} With limited exceptions, a criminal defendant has a constitutional right to a jury trial. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 5; R.C. 2945.17. While that right may be waived, the decision belongs to the defendant, not defense counsel. *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 82.

{¶ 42} In *State v. Slaughter*, 2022-Ohio-3946, 202 N.E.3d 79, ¶ 8-10 (2d Dist.), *appeal not allowed*, 169 Ohio St.3d 1444, 2023-Ohio-554, 203 N.E.3d 740, this court was faced with a waiver issue. The defendant in that case had orally waived his right to a jury trial during a final pretrial conference, but because he had participated remotely from jail, he had been unable to sign the waiver form. The trial court then asked him whether he would authorize his attorney, who was present in court, to sign the form. The defendant answered affirmatively.

**{¶ 43}** In considering the issue, we stated:

In Ohio, Crim.R. 23 and R.C. 2945.05 govern a felony defendant's waiver of the right to a jury trial. See *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 57. Crim.R. 23(A) provides, in pertinent part: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney."

*Id*. at ¶ 9.

**{¶ 44}** R.C. 2945.05 sets forth the manner in which a defendant may waive this right. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6. That statute states that waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Thus, five conditions must be satisfied for a defendant's jury waiver to be valid: the jury waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Id.* at ¶ 9.

**{¶ 45}** The Ohio Supreme Court has stated that, "[w]hen a criminal conviction is reversed on appeal and remanded for retrial, the general rule is that a jury waiver executed in the original trial is voided, and the defendant is entitled to a jury trial on remand unless he again validly waives that right." (Citations omitted.) *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 33. The State concedes this fact.

{¶ 46} Simply put, Lee did not waive his right to a jury trial on the weapons under disability charges on remand, and his prior waiver did not carry over. Further, his counsel did not have any authority to waive a jury trial on his behalf. While it is clear from the discussion conducted on the record that the trial court and defense counsel were merely attempting to serve Lee's best interests when they agreed to try the weapons under disability counts to the court, this was nonetheless error.

{¶ 47} The fourth assignment of error is sustained.

## VI. Conclusion

{¶ 48} Having sustained the fourth assignment of error, Lee's convictions for having weapons under disability are reversed and remanded to the trial court for further proceedings. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.